ERNEST GALVAN – 196065
MARC J. SHINN-KRANTZ – 312968
BRENDA MUÑOZ – 328813
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:    (415) 433-6830
Facsimile:    (415) 433-7104
Email:        egalvan@rbgg.com
              mshinn-krantz@rbgg.com
              bmunoz@rbgg.com

Attorneys for Plaintiff
HUMAN RIGHTS DEFENSE CENTER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF RIVERSIDE; CHAD BIANCO, Sheriff, individually and in his official capacity; HERMAN LOPEZ, Corrections Assistant Sheriff, individually and in his official capacity; MIKE KOEHLER, Corrections Operations Chief Deputy, individually and in his official capacity; MICHAEL MOULTON, Correctional Captain for Blythe Jail, individually and in his official capacity; BRUCE PHILLIPS, Correctional Captain for Robert Presley Detention Center, individually and in his official capacity; and JOHN AND JANE DOES 1-10, Staff, individually and in their official capacities, <br><br> Defendants. | Case No.:  5:25-cv-3520 <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983, CALIFORNIA CIVIL CODE § 52.1, AND THE CALIFORNIA CONSTITUTION** |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES UNDER THE CIVIL
RIGHTS ACT, 42 U.S.C. § 1983, CALIFORNIA CIVIL CODE § 52.1, AND THE CALIFORNIA CONSTITUTION

## INTRODUCTION

1.      Plaintiff Human Rights Defense Center ("HRDC" or "Plaintiff") brings this action to enjoin Defendants from censoring publications and correspondence that it mails to incarcerated persons at Riverside County detention facilities operated by Defendants. Defendants have adopted and implemented mail policies, practices, and customs that unconstitutionally prohibit delivery of publications and correspondence mailed by Plaintiff to persons incarcerated at their detention facilities, and that deny due process of law to senders, like Plaintiff, whose mail is censored, by failing to provide adequate notice and an opportunity to challenge each instance of censorship.  Defendants' actions violate Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution; Article I, Section 2 and Article I, Section 7 of the California Constitution; and the Bane Act, California Civil Code § 52.1.  Plaintiff seeks injunctive and declaratory relief, and damages in an amount to be proven at trial pursuant to 42 U.S.C. § 1983 and California law.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1331 (federal question), as this action arises under the Constitution and laws of the United States, and pursuant to 28 U.S.C. § 1343 (civil rights), as this action seeks redress for civil rights violations under 42 U.S.C. § 1983.

3.      Venue is proper under 28 U.S.C. § 1391(b).  At least one Defendant resides within this judicial district and the events giving rise to the claims asserted herein all occurred within this judicial district.

4.      Plaintiff's claims for relief under federal law are brought pursuant to 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities secured by the First and Fourteenth Amendments to the United States Constitution and laws of the United States.

5.      This Court has jurisdiction over claims seeking declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Rules 57 and 65 of the Federal Rules of

1

Civil Procedure, as well as nominal and compensatory damages, against all Defendants, and punitive damages against the individual defendants in their personal capacities.

6. Plaintiff's claim for attorneys' fees and costs for its federal claims is predicated upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. § 1983.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as they arise from the same case or controversy as Plaintiff's claims under federal law.

8. Plaintiff's claims for relief under state law are predicated upon the Bane Act (Cal. Civ. Code § 52.1), which authorizes actions to protect the exercise or enjoyment of rights secured under federal or California law, as well as upon the direct causes of action to enforce constitutional rights guaranteed under Article I, Section 2 and Article I, Section 7 of the California Constitution.

9. Plaintiff's claim for attorneys' fees and costs under state law is predicated upon California Civil Code § 52.1, which authorizes the award of attorneys' fees and costs in an action brought under that statute, and California Code of Civil Procedure § 1021.5, which authorizes the award of attorneys' fees and costs to successful plaintiffs whose actions vindicate important rights affecting the public interest.

10. Plaintiff is informed, believes, and based thereon alleges that the individual Defendants as described herein acted with reckless disregard for Plaintiff's rights and/or with the intent to injure, vex, annoy and harass Plaintiff, and subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights with the intention of causing Plaintiff injury and depriving it of its constitutional rights. As a result of the foregoing, Plaintiff seeks compensatory and punitive damages against the individual Defendants.

**EXHAUSTION OF PRE-LAWSUIT PROCEDURES FOR STATE LAW CLAIMS**

11. Plaintiff mailed a state tort claim for damages to Defendant COUNTY OF RIVERSIDE on June 16, 2025. Defendant COUNTY OF RIVERSIDE notified Plaintiff

2

that the claim was rejected by letter dated July 2, 2025.

**PARTIES**

12.     Plaintiff HUMAN RIGHTS DEFENSE CENTER is a not-for-profit charitable organization recognized under § 501(c)(3) of the Internal Revenue Code, incorporated in the state of Washington and with principal offices in Boynton Beach, Florida.  For over thirty-five (35) years, HRDC has focused its mission on public education, advocacy, and outreach to incarcerated persons and the public about the economic and social costs of prisons to society.  HRDC accomplishes its mission through advocacy, litigation, and the publication and/or distribution of books, magazines, and other information concerning prisons and prisoner rights.  Prison Legal News is a wholly-owned project and publishing arm of HRDC.  Through its publishing project, HRDC engages in core protected speech and expressive conduct on matters of public concern including: the operation of correctional facilities; prison and jail conditions; the health and safety of incarcerated persons; and the constitutional and human rights of incarcerated persons. HRDC publishes and distributes two monthly magazines covering corrections and criminal legal news and analysis.  HRDC also publishes and distributes books about the criminal legal system and legal issues affecting incarcerated persons, which HRDC distributes by mail to incarcerated persons, lawyers, courts, libraries, and the public throughout the United States.

13.     Defendant COUNTY OF RIVERSIDE (the "County") is a political subdivision of the State of California organized and existing under the laws of California. The County is, and at all relevant times herein was, responsible for the policies, procedures, customs, and practices of the Riverside County Sheriff's Office and its employees and agents.  The Riverside County Sheriff's Office is and was responsible for adopting and implementing policies, procedures, practices, and customs governing incoming mail and publications for incarcerated persons at five detention facilities including: Blythe Jail; Cois M. Byrd Detention Center ("Byrd Detention Center"); John J. Benoit Detention Center ("Benoit Detention Center"); Larry D. Smith Correctional Facility

3

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983, CALIFORNIA CIVIL CODE § 52.1, AND THE CALIFORNIA CONSTITUTION

("Smith Correctional Facility"); and Robert Presley Detention Center ("Presley Detention Center") (collectively the "Detention Facilities").

14. Defendant CHAD BIANCO is the Sheriff of Riverside County, and he has held that position since November 2018. Defendant BIANCO is employed by, and is an agent of, the County and the Riverside County Sheriff's Office. He is responsible for overseeing the management and operations of the Detention Facilities. He is responsible for the hiring, screening, training, supervision, discipline, counseling, and control of the personnel at the Detention Facilities who interpret and apply mail policies, procedures, practices, and customs. As Sheriff, Defendant BIANCO is a final policymaker for the County with respect to the operation of the Detention Facilities, and he is responsible for policies, procedures, practices, and customs governing incoming mail and publications for incarcerated persons. He is sued in his individual and official capacities.

15. Defendant HERMAN LOPEZ is the Corrections Assistant Sheriff, and he has held that position since 2023. Defendant LOPEZ is employed by, and is an agent of, the County and the Riverside County Sheriff's Office. He is responsible for overseeing the management and operations of the Detention Facilities. He is responsible for the hiring, screening, training, supervision, discipline, counseling, and control of the personnel at the Detention Facilities who interpret and apply mail policies, procedures, practices, and customs. As Corrections Assistant Sheriff, Defendant LOPEZ is a policymaker for the County with respect to the operation of the Detention Facilities, and he is responsible for policies, procedures, practices, and customs governing incoming mail and publications for incarcerated persons. He is sued in his individual and official capacities.

16. Defendant MIKE KOEHLER is the Corrections Operations Chief Deputy for the Riverside County Sheriff's Office, and he has held this position since 2024. Defendant KOEHLER is employed by, and is an agent of, the County and the Riverside County Sheriff's Office. He is responsible for overseeing the management and operations of the Detention Facilities. He is responsible for the hiring, screening, training, supervision, discipline, counseling, and control of the personnel at the Detention Facilities who

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983, CALIFORNIA CIVIL CODE § 52.1, AND THE CALIFORNIA CONSTITUTION

interpret and apply mail policies, procedures, practices, and customs.  As Corrections Operations Chief Deputy, Defendant KOEHLER is a policymaker for the County with respect to operation of the Detention Facilities, and he is responsible for policies, procedures, practices, and customs governing incoming mail and publications for incarcerated persons.  He is sued in his individual and official capacities.

17.    Defendant MICHAEL MOULTON is the Correctional Captain for the Blythe Jail.  Defendant MOULTON is employed by, and is an agent of, the County and the Riverside County Sheriff's Office.  He is responsible for overseeing the management and operations of the Blythe Jail.  He is responsible for the hiring, screening, training, supervision, discipline, counseling, and control of the personnel at the Blythe Jail who interpret and apply mail policies, procedures, practices, and customs.  As Correctional Captain, Defendant MOULTON is a policymaker for the County with respect to the operation of the Blythe Jail, and he is responsible for policies, procedures, practices, and customs governing incoming mail and publications for incarcerated persons.  He is sued in his individual and official capacities.

18.    Defendant BRUCE PHILLIPS is the Correctional Captain for the Presley Detention Center.  Defendant PHILLIPS is employed by, and is an agent of, the County and the Riverside County Sheriff's Office.  He is responsible for overseeing the management and operations of the Presley Detention Center.  He is responsible for the hiring, screening, training, supervision, discipline, counseling, and control of the personnel at the Presley Detention Center who interpret and apply mail policies, procedures, practices, and customs.  As Correctional Captain, Defendant PHILLIPS is a policymaker for the County with respect to the operation of the Presley Detention Center, and he is responsible for policies, procedures, practices, and customs governing incoming mail and publications for incarcerated persons.  He is sued in his individual and official capacities.

19.    The true names and identities of Defendants DOES 1 through 10 are presently unknown to HRDC.  Each of Defendants DOES 1 through 10 are or were employed by and are or were agents of the County during some or all of the relevant

5

timeframe. Each of Defendants DOES 1 through 10 were personally involved in the adoption and/or implementation of the mail policies, procedures, practices, and customs at the Detention Facilities, and/or were responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and/or control of the Detention Facilities staff who interpret and implement these mail policies, procedures, practices, and customs. They are sued in their individual and official capacities. HRDC will seek to amend this Complaint when the true names and identities of Defendants DOES 1 through 10 have been ascertained.

20. At all times material to this action, the actions of all Defendants as alleged herein were taken under the authority and color of state law.

21. At all times material to this action, all Defendants were acting within the course and scope of their employment as agents and/or employees of the County.

## FACTUAL ALLEGATIONS

22. For more than thirty-five (35) years, the focus of HRDC's mission has been public education, advocacy, and outreach on behalf of, and for the purpose of assisting, incarcerated persons who seek legal redress for infringements of their constitutionally guaranteed and other basic human rights. HRDC's mission, if realized, has a salutary effect on public safety.

23. To accomplish its mission, HRDC publishes and distributes books, magazines, and other materials containing news and analysis about prisons, jails and other detention facilities, the rights of incarcerated persons, court rulings, management of prison facilities, prison and jail conditions, and other matters pertaining to the rights and/or interests of incarcerated persons. HRDC's publications contain political speech and social commentary, which are core First Amendment rights and are entitled to the highest protection afforded by the United States Constitution and the California Constitution.

24. Sending publications through the mail to incarcerated persons is essential to accomplishing the mission of HRDC. The primary aim of HRDC is to communicate with incarcerated persons about developments in the law and protection of one's health and

6

personal safety while in prison or jail.  Reading materials enable incarcerated persons to engage in productive activity rather than sitting idle, thus helping to avoid conflicts and incidents of violence in correctional facilities and encouraging lawful methods of dispute resolution.  In addition, reading allows incarcerated persons to keep their minds sharp, helping them prepare to become productive citizens when released back into society.

25.    HRDC publishes and distributes an award-winning monthly magazine titled *Prison Legal News: Dedicated to Protecting Human Rights* ("*Prison Legal News*"), which contains news and analysis about correctional facilities, the rights of incarcerated persons, court opinions, prison and jail conditions, excessive force, and religious freedom.  *Prison Legal News* is published on newsprint bound by two small staples, and is 72 pages long.

26.    HRDC also publishes and distributes a second monthly magazine titled *Criminal Legal News: Dedicated to Protecting Human Rights ("Criminal Legal News")*, which contains news and analysis about individual rights, court rulings, and other criminal legal-related issues.  *Criminal Legal News* is also published on newsprint bound by two small staples, and was 48 pages long, but has more recently expanded to 56 pages long.

27.    HRDC also publishes and/or distributes several different soft-cover books on criminal justice, health, and legal issues that are of interest to incarcerated persons and others.  Pertinent to this case, HRDC publishes and distributes the *Prisoners' Guerilla Handbook: A Guide to Correspondence Programs in the United States and Canada* ("*Prisoners' Handbook*"), which provides information on enrolling at accredited higher educational, vocational and training schools.  HRDC also publishes and distributes *The Habeas Citebook: Ineffective Assistance of Counsel* ("*Habeas Citebook*"), which describes the procedural and substantive complexities of federal habeas corpus litigation with the goal of identifying and litigating claims involving ineffective assistance of counsel. HRDC does not publish, but is the sole national distributor of *Protecting Your Health and Safety* ("*PYHS*"), which describes the rights, protections and legal remedies available to persons concerning their health and safety while they are incarcerated.  HRDC also distributes *The Best 500+ Non-Profit Organizations for Prisoners & Their Families*

7

("*Non-Profits for Prisoners*"), which provides a comprehensive list of non-profit organizations that assist prisoners and their families.

28.    In addition to its publications, HRDC also communicates with incarcerated persons through the United States Postal Service by mailing them: (a) informational brochure packets ("Info Packs"), which contain a brochure and subscription order form, a book list, and a published books brochure (each of which is a single page); (b) copies of judicial opinions of import to incarcerated persons, which are marked "Court Ruling;" and (c) letters that provide pertinent information about HRDC's publications and related topics, including subscription renewal letters and follow-up letters to ascertain whether HRDC's mailings have been delivered as addressed.  HRDC encloses a self-addressed, stamped envelope with its informational brochure packets and subscription renewal letters, but does not enclose extra envelopes or stamps with the informational brochure packets, judicial opinions, or other letters that it mails to incarcerated persons.

29.    Since 1990, HRDC has sent its publications and books by mail to incarcerated persons and law librarians in more than 3,000 correctional facilities in all fifty states, including at death row housing units and "supermax" prisons, including the federal Administrative Maximum Facility at Florence, Colorado, which is known as the most secure prison in the United States.  The publications and books that HRDC distributes are mailed to hundreds of persons incarcerated in California jails and prisons, including at San Diego County's Central Jail, Vista Detention Facility, East Mesa Reentry Facility, South Bay Detention Facility, and George F. Bailey Detention Facility; the Los Angeles County Jails, including the Twin Towers Correctional Facility; Orange County's Theo Lacy Facility; San Bernardino County's West Valley Detention Center; Riverside County's Larry D. Smith Correctional Facility; Sacramento County's Rio Cosumnes Correctional Center; the Fresno County Jail; the Humboldt County Correctional Facility; the Santa Clara County Main Jail; Alameda County's Santa Rita Jail; Contra Costa County's Martinez Detention Facility; the Butte County Jail; the San Joaquin County Jail; the Ventura County Jail; the San Luis Obispo County Jail; the Santa Barbara County Jail; the

8

Tulare County Main Jail; the Tehama County Jail; Placer County's Auburn Jail; the Napa County Jail; the Madera County Jail; the Sonoma County Adult Detention Facility; and at the 31 prisons run by the California Department of Corrections and Rehabilitation ("CDCR") and the California Department of State Hospitals' ("DSH") secure hospital facilities throughout the state.  In its more than 35-year history, HRDC is not aware of and has never been notified of any security incident caused by any of its publications or correspondence at any jail, prison, or other detention facility.

30.     The Defendants' policy on the delivery of books and magazines (the "Publication Policy") to individuals in custody at the Detention Facilities is available on the public website of the Riverside County Sheriff's Office at https://ca-riversidesheriff-hidden.civicplus.com/218/Books-Magazines (last visited December 11, 2025).  The Publication Policy provides as follows:

**Books & Magazines**

All books, magazines, and periodicals must be prepaid and delivered by the United States Postal Service only. The publication/subscription shall be mailed directly from the publisher or originate from a verifiable and reputable internet/mail order company or a bookstore via their internet or mail order facilities.

All books, magazines, and periodicals must have the inmate's complete name and booking number clearly marked.

**Not Allowed (Books & Magazines)**

- No more than 3 books can be sent at one given time.
- Hardback or leather-bound books.
- Obscene, or sexually oriented publications or writings (including magazines such as Playboy, Penthouse, Hustler, etc.) and mail containing information concerning where, how or from whom such matter may be obtained.
- Any matter of character tending to incite murder, arson, riot, racism, or any other form of violence (including anything which may adversely affect jail security due to a gang-type theme or pictures depicting gang activity).
- Any other matter concerning unlawful gambling or an unlawful lottery.
- Used books, magazines or periodicals.

9

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983, CALIFORNIA CIVIL CODE § 52.1, AND THE CALIFORNIA CONSTITUTION

31. Defendants' Inmate Mail Policy (the "Mail Policy") is also available on the public website of the Riverside County Sheriff's Office at https://ca-riversidesheriff-hidden.civicplus.com/221/Inmate-Mail-Policy (last visited December 11, 2025). The Mail Policy provides as follows:

**Inmate Mail Policy**
Inmates are permitted to send and receive unlimited letters each day in order to maintain communications with their legal representatives, families, friends, business associates, and government authorities. Two categories of mail are defined as:

**Regular Correspondence**
Communication to or from inmates through letters. Incoming mail is inspected to prevent the following:

- Transmission of contraband, i.e. drugs or any other prohibited materials or substances into the facility.
- Escape plans.
- Criminal conspiracies.
- Any other type of threat or compromise to the over-all security of the facility and/or the safety of staff and inmates.

**Legal or Special Correspondence**
Mail between an inmate and:

- All state and federal elected officials
- All state and federal officials appointed by the Governor or the President of the United States
- All city, county, state, and federal officials having responsibility for the inmate's present, prior, or anticipated custody, parole, or probation supervision
- All state and federal judges and courts
- An attorney at law registered with a state bar association
- The State Corrections Standards Authority
- Facility Commander
  - Incoming legal mail that is legibly noted as "Legal Mail" will be opened and inspected in front of the inmate
  - All legal mail must have the following "return to sender" information on the envelope and is subject to verification:
    - Law firm name

10

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983, CALIFORNIA CIVIL CODE § 52.1, AND THE CALIFORNIA CONSTITUTION

- o Attorney's complete name
  - o Law firm's complete address
- o Legal size paper is authorized for attorney use only
- o Outgoing legal mail may be inspected in the presence of the inmate then sealed and processed with other outgoing mail

**Contraband**

- Narcotics
- Marijuana
- Handcuff keys
- Hacksaw blades
- Postage stamps
- Stickers
- Pictures or photographs may not contain violence, nudity, sexual acts, or gang-related activities including hand signs, decorative stickers, personal checks, etc.
- Used books, magazines or periodicals.

Contraband that is illegal will result in criminal charges being filed.
Contraband that is not of a criminal nature will be returned to the sender.

32. In addition to Defendants' Publication Policy and Mail Policy, Defendants' Rules for Regular Incoming Mail (the "Mail Rules") are also available on the public website of the Riverside County Sheriff's Office at https://ca-riversidesheriff-hidden.civicplus.com/225/Rules-for-Regular-Incoming-Mail (last visited December 11, 2025). The Mail Rules provide, in pertinent part:

**Rejected Mail**

Any mail that is dirty or stained will be considered contaminated and returned to the sender. Mail that contains any of the following will be rejected:

…

- Blank stationery, envelopes, Post-it Notes
  - o Colored paper (standard, white, 1-ply paper only, no legal size)
  - o Craft materials
  - o Glitter

11

- o Paper clips
- o Parchment or stock paper
- o Plastic
- o Metal
- o Ribbons
- o Staples
- o Tape

**Please Note**
Envelopes are not given to the inmates. Return addresses are torn off and given to an inmate per the inmate's request.

Stick-on return address labels are **not** allowed due to the adhesive used on the labels.

Other items not listed above will be reviewed on a case-by-case basis to determine any possible compromise or threat to the overall security of the facility and/or the safety of staff and inmates.

33.    Between April 2024 and December 2025, HRDC sent books, magazines, and related correspondence to individuals confined at the Detention Facilities.  During that time period, thirty-three (33) of those items were returned to the HRDC by the Detention Facilities.  Specifically, thirty (30) of these items were returned by the Blythe Jail, and three (3) of these items were returned by the Presley Detention Center.  The items returned were addressed to individuals confirmed to still be in custody on the day HRDC received the returned mail.

34.    The thirty-three (33) items returned by the Detention Facilities consisted of: sixteen (16) issues of *Prison Legal News*; thirteen (13) issues of *Criminal Legal News*; three (3) copies of *PYHS*; and one (1) copy of *Non-Profits for Prisoners*.

35.    Many of the rejected items were returned to HRDC marked in various ways, including "CONTENTS NOT SUITABLE FOR CORRECTIONAL FACILITY," "NO STAPLES," "RETURN TO SENDER," "MAIL POLICY VIOLATION," and/or "RTS." One of the returned books was marked: "RTS, No 3rd party books, Amazon or Barnes and

12

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983, CALIFORNIA CIVIL CODE § 52.1, AND THE CALIFORNIA CONSTITUTION

Noble."

36.    Defendants' Publication Policy, Mail Policy, and Mail Rules (collectively "Mail Policies") are unconstitutional on their face and as applied, and they are unduly broad and vague.  There is no legitimate penological justification for Defendants to refuse to accept magazines for delivery at the Detention Facilities that are held together with ordinary staples.  There is no legitimate concern that these small staples pose any potential threat to the safety and security of the Detention Facilities.  There is also no legitimate penological justification for Defendants to ban all books unless they are sent by Amazon or Barnes and Noble.  This is especially true because HRDC's publications cover topics of great public concern and contain core protected speech, including political speech and social commentary, and educational information relating to the rights of incarcerated persons, pertinent legal cases, and incarcerated persons' health and safety, and are thus entitled to the highest protection afforded by the First Amendment to the United States Constitution and the California Constitution.  There is also no legitimate justification to exclude publications or writings that are neither obscene, nor sexually oriented, simply because they may contain information concerning where, how, or from whom such matter may be obtained.

37.    Defendants' Mail Policies are also unconstitutional on their face because they fail to provide due process as required by the Fourteenth Amendment.  Defendants failed to provide HRDC with notice and an opportunity to appeal the rejection of mail sent by HRDC to persons incarcerated at the Detention Facilities.  Other than the vague markings on the outside of items returned via the United States Postal Service's Return to Sender service, Defendants did not provide HRDC with notice of the reason any mailing was rejected. Nowhere on the returned items of mail was notice provided of a right to challenge the censorship decision, or any information on whether or how HRDC could appeal Defendants' decision to refuse to deliver the publication or correspondence to the intended recipient. Furthermore, Defendants did not return any of the nine hundred and sixty-four (964) additional items that were properly addressed to people incarcerated at the Detention

13

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983, CALIFORNIA CIVIL CODE § 52.1, AND THE CALIFORNIA CONSTITUTION

Facilities, leaving HRDC without any information as to whether those items were censored and why, or if they were delivered, why the Detention Facilities delivered only those items but not others.

38.     Because of Defendants' actions as described above, HRDC has suffered damages, and will continue to suffer damages, including, but not limited to: the suppression of HRDC's speech; the impediment of HRDC's ability to disseminate its message; frustration of HRDC's non-profit organizational mission; the loss of potential subscribers and customers; the inability to recruit new subscribers and supporters; the loss of reputation; and the cost of printing, handling, mailing, and staff time, among other damages.

39.     Defendants, and other agents of the Detention Facilities, are responsible for or personally participated in, creating and implementing these unconstitutional polices, practices, and customs, or for ratifying and adopting them.  Further, Defendants are responsible for training and supervising the employees of the Detention Facilities, whose conduct has injured and continues to injure HRDC.

40.     Defendants' actions and inactions were and are impermissibly motivated, and were and are all committed under color of state law with deliberate indifference to HRDC's rights.

41.     Defendants' actions and inactions were and are undertaken with reckless disregard for Plaintiff's rights and/or motivated by ill motive and intent, and were and are all committed under color of law with deliberate indifference to HRDC's rights.

42.     Plaintiff will continue to send its books and magazines to subscribers, customers, and other individuals imprisoned at the Detention Facilities.

43.     Defendants' unconstitutional policies, practices, and customs continue to violate HRDC's rights, and they were and are the moving force behind the injuries HRDC suffered as a direct result of the constitutional violations.  As a result, HRDC has no adequate remedy at law.

44.     Defendants' conduct prohibiting or not delivering HRDC's mailed publications and correspondence to persons incarcerated at the Detention Facilities violates

14

the First Amendment by censoring HRDC's freedom of speech and expression, and has a chilling effect on future speech and expression directed at the persons incarcerated at the Detention Facilities.

45.    HRDC is entitled to declaratory relief as well as injunctive relief prohibiting Defendants from refusing to deliver publications from HRDC and other similarly-situated senders, without legal justification, and prohibiting Defendants from censoring mail without due process of law.

## FIRST CLAIM FOR RELIEF
### *(Violations of the First Amendment (Free Speech)—42 U.S.C. § 1983)*

46.    HRDC re-alleges and incorporates the allegations of paragraphs 1 through 45 of the Complaint as if fully set forth herein.

47.    Defendants' acts described above constitute violations of HRDC's right to communicate with persons incarcerated at the Detention Facilities under the First Amendment to the United States Constitution.

48.    The conduct of Defendants was objectively unreasonable and was undertaken recklessly, intentionally, willfully, with malice, and with deliberate indifference to the rights of others.

49.    HRDC's injuries and the violations of its constitutional rights were directly and proximately caused by the policies and practices of Defendants, which were and are the moving force of the violations.

50.    Defendants' acts described above have caused damages to HRDC, and if not enjoined, will continue to cause damage to HRDC.

51.    HRDC seeks declaratory and injunctive relief, and nominal and compensatory damages against all Defendants.  HRDC also seeks punitive damages solely against the individual Defendants in their individual capacities.

## SECOND CLAIM FOR RELIEF
### *(Violation of the Fourteenth Amendment (Due Process)—42 U.S.C. § 1983)*

52.    HRDC re-alleges and incorporates the allegations of paragraphs 1 through 51

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983, CALIFORNIA CIVIL CODE § 52.1, AND THE CALIFORNIA CONSTITUTION

of the Complaint as if fully set forth herein.

53. HRDC has a constitutionally-protected liberty interest in communicating with persons incarcerated at the Detention Facilities by sending publications and correspondence to them via the United States Postal Service, a right clearly established under existing case law.

54. HRDC has a right under the Due Process Clause of the Fourteenth Amendment to receive notice and an opportunity to object and/or appeal Defendants' decisions to prevent the publications and correspondence mailed by HRDC from reaching the incarcerated persons at the Detention Facilities to whom they were mailed.

55. Defendants have failed to give HRDC sufficient notice of the censorship of its publications and correspondence, and an opportunity to be heard with respect to that censorship. In doing so, Defendants have deprived and continue to deprive HRDC of liberty and property without due process of law, in violation of the Fourteenth Amendment to the United States Constitution.

56. The conduct of Defendants was objectively unreasonable and was undertaken recklessly, intentionally, willfully, with malice, and with deliberate indifference to the rights of others.

57. HRDC's injuries and the violations of its constitutional rights were directly and proximately caused by the policies and practices of Defendants, which were and are the moving force of the violations.

58. Defendants' acts described above have caused damages to HRDC, and if not enjoined, will continue to cause damage to HRDC.

59. HRDC seeks declaratory and injunctive relief, and nominal and compensatory damages against all Defendants. HRDC also seeks punitive damages solely against the individual Defendants in their individual capacities.

### THIRD CLAIM FOR RELIEF
*(Violation of the right to free speech—California Constitution Art. I, Sec. 2)*

60. HRDC re-alleges and incorporates the allegations of paragraphs 1 through 59

16

of the Complaint as if fully set forth herein.

61. The acts described above constitute violations of HRDC's speech rights under Article 1, Section 2 of the California Constitution and have caused damage to HRDC, and will continue to cause damage.

62. HRDC's injuries and the violations of its constitutional rights were directly and proximately caused by the policies and practices of Defendants, which were and are the moving force of the violations.

63. As a result of the conduct of Defendants, HRDC seeks declaratory and injunctive relief against all Defendants.

**FOURTH CLAIM FOR RELIEF**
*(Violation of the right to due process —California Constitution Art. I, Sec. 7)*

64. HRDC re-alleges and incorporates the allegations of paragraphs 1 through 63 of the Complaint as if fully set forth herein.

65. By failing to give HRDC sufficient notice of the censorship of its publications and correspondence and an opportunity to be heard with respect to that censorship, Defendants have deprived and continue to deprive HRDC of liberty and property without due process of law, in violation of Article I, Section 7 of the California Constitution, and have caused damage to HRDC, and will continue to cause damage.

66. HRDC's injuries and the violations of its constitutional rights were directly and proximately caused by the policies and practices of Defendants, which were and are the moving force of the violations.

67. As a result of the Defendants' conduct, HRDC seeks declaratory and injunctive relief against all Defendants.

**FIFTH CLAIM FOR RELIEF**
*(Violations of the Bane Act—California Civil Code Sec. 52.1)*

68. HRDC re-alleges and incorporates the allegations of paragraphs 1 through 67 of the Complaint as if fully set forth herein.

69. By their actions as described above, Defendants, acting in conspiracy and/or

17

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983, CALIFORNIA CIVIL CODE § 52.1, AND THE CALIFORNIA CONSTITUTION

in concert, with threat, intimidation, and/or coercion, interfered with the exercise or enjoyment of HRDC's clearly established rights secured by the Constitution and laws of the United States and Constitution and laws of California to communicate with persons incarcerated at the Detention Facilities by sending publications and correspondence to them via the United States Postal Service, and to receive sufficient notice of the censorship of its publications and correspondence and an opportunity to be heard with respect to that censorship. Defendants censored Plaintiff's publications and correspondence with the specific intent to injure, vex, annoy and harass Plaintiff, frustrate HRDC's non-profit organizational mission, and deprive Plaintiff of its constitutional rights.

70. Defendants' actions have caused actual damages to HRDC within the meaning of California Civil Code §§ 52 and 52.1.

71. The conduct of Defendants described above was objectively unreasonable and was undertaken recklessly, intentionally, willfully, with malice, and with deliberate indifference to the rights of others.

72. HRDC's injuries and the violations of its constitutional rights were directly and proximately caused by the policies and practices of Defendants, which were and are the moving force of the violations.

73. As a proximate result of the conduct of Defendants, HRDC is also entitled to injunctive relief and an award of exemplary damages, civil penalties, and attorneys' fees, as provided by California Civil Code §§ 52 and 52.1.

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests relief as follows:

1. A declaration that Defendants' policies, procedures, customs, and practices violate the First and Fourteenth Amendments to the United States Constitution; Article 1, Section 2 and Article 1, Section 7 of the California Constitution; and California Civil Code Section 52.1;

2. A preliminary and permanent injunction preventing Defendants and their employees, agents, and any and all persons acting in concert with them from further

18

violation of HRDC's civil rights under the First and Fourteenth Amendments to the United States Constitution; Article 1, Section 2 and Article 1, Section 7 of the California Constitution; and California Civil Code Section 52.1; and providing other equitable relief;

3. Nominal damages for each violation of HRDC's rights by the Defendants;

4. Compensatory damages in an amount to be proved at trial;

5. Punitive damages against the individual Defendants in an amount to be proved at trial;

6. Costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and under other applicable law, including but not limited to California Civil Code § 52.1 and California Code of Civil Procedure § 1021.5; and

7. Any other relief that this Court deems just and equitable.

Respectfully submitted,

DATED:  December 23, 2025          ROSEN BIEN GALVAN & GRUNFELD LLP

By:  */s/ Brenda Muñoz*
Brenda Muñoz

Attorneys for Plaintiff
HUMAN RIGHTS DEFENSE CENTER

19

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983, CALIFORNIA CIVIL CODE § 52.1, AND THE CALIFORNIA CONSTITUTION