Nathan A. Oyster (SBN 225307)
E-mail: noyster@bwslaw.com
Caylin W. Jones (SBN 327829)
E-mail: cjones@bwslaw.com
David E. Manrique (SBN 350842)
E-mail: dmanrique@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Defendants
COUNTY OF RIVERSIDE, CHAD BIANCO, HERMAN LOPEZ, MIKE KOEHLER, MICHAEL MOULTON, and BRUCE PHILLIPS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

HUMAN RIGHTS DEFENSE CENTER,

Plaintiff,

v.

COUNTY OF RIVERSIDE, CHAD BIANCO, Sheriff, individually and in his official capacity, HERMAN LOPEZ, Corrections Assistant Sheriff, individually and in his official capacity, MIKE KOEHLER, Corrections Operations Chief Deputy, individually and in his official capacity, MICHAEL MOULTON, Correctional Captain for Blythe Jail, individually and in his official capacity, BRUCE PHILLIPS, Correctional Captain for Robert Presley Detention Center, individually and in his official capacity, and JOHN AND JANE DOES 1-10, Staff, individually and in their official capacities,

Defendants.

Case No. 5:25-cv-03520-DSF-SK

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF DEREK GRONQUIST IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Date: February 23, 2026
Time: 1 :30 p .m.
Crtrm.: 7D, Seventh Floor

Judge: Dale S. Fischer

TO THE HONORABLE COURT, AND TO PLAINTIFF HUMAN RIGHTS DEFENSE CENTER AND THEIR ATTORNEYS OF RECORD:

COUNTY OF RIVERSIDE, CHAD BIANCO, HERMAN LOPEZ, MIKE KOEHLER, MICHAEL MOULTON, and BRUCE PHILLIPS (collectively "Defendants") hereby submit their DEFENDANTS' EVIDENTIARY OBJECTIONS to the Declaration of Derek Gronquist offered in support of Plaintiff's Motion for Preliminary Injunction.

**EVIDENTIARY OBJECTIONS TO THE DECLARATION OF DEREK GRONQUIST IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Defendants object to the Declaration of Derek Gronquist submitted in support of Plaintiff's reply in further support of its motion for preliminary injunction. The declaration contains statements that are not based on personal knowledge, are speculative, constitute improper lay opinion, and include legal conclusions. In addition, portions of the declaration introduce new factual allegations and exhibits for the first time in Plaintiff's reply, which is improper and untimely because it deprives Defendants of a fair opportunity to respond. Defendants object to the following portions of the Gronquist Declaration on these and other grounds as set forth below.

| Objections to the Declaration of Derek Gronquist | | |
|---|---|---|
| **Material Objected To** | **Basis for Objection** | **Ruling on Objection** |
| **Gronquist Decl. ¶ 2**: "That number did not include an additional five (5) censored publications that Defendants returned to HRDC on December | **Untimely new evidence; lack of foundation.** This paragraph introduces new factual allegations and additional allegedly "censored" publications | Sustained: __________ Overruled: __________ |

| | | |
|---|---|---|
| 19, 2025… This brings the total count of censored mail items… to thirty-eight (38).” | for the first time in Plaintiff's reply, depriving Defendants of a fair opportunity to respond. See *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (holding that a court should not consider new evidence raised for the first time in reply without giving the opposing party an opportunity to respond). In addition, the characterization of the publications as “censored” lacks foundation and is an improper lay opinion. (Fed. R. Evid. 602, 701.) | |
| **Gronquist Decl. ¶ 5**: “From the heavily redacted logs, it is impossible for HRDC to determine whether and which of these rejected publications match up…” | **Improper lay opinion; lack of foundation; speculation.** Gronquist offers an unsupported opinion about the meaning and usefulness of Defendants' records | Sustained: __________ Overruled: __________ |

| | | |
|---|---|---|
| | without any foundation or personal knowledge regarding Defendants' recordkeeping systems. (Fed. R. Evid. 602, 701.) | |
| **Gronquist Decl. ¶ 8**: "HRDC has no way of knowing whether the nine hundred and sixty-four (964) items of mail… were eventually delivered… If the detention facilities withheld the mailings… HRDC would have no way of knowing this happened." | **Lack of personal knowledge; speculation; improper lay opinion.** This paragraph speculates about what may have occurred to mail once it entered Defendants' facilities. Gronquist does not work at the detention facilities and provides no foundation establishing personal knowledge of internal mailroom operations or delivery practices. (Fed. R. Evid. 602, 701.) | Sustained: __________ Overruled: __________ |
| **Gronquist Decl. ¶ 9**: "HRDC never received any notification… Defendants' opposition briefing argues… staff are required to complete a | **Lack of personal knowledge; improper lay opinion.** To the extent this paragraph implies that Defendants failed to follow internal | Sustained: __________ Overruled: __________ |

| | | |
|---|---|---|
| 'Notification of Denied Mail/Publication' form…" | procedures or violated due process, it lacks foundation and constitutes improper lay opinion regarding Defendants' internal practices. (Fed. R. Evid. 602, 701.) | |
| **Gronquist Decl. ¶ 10**: "In each instance of censorship, Defendants failed to provide any opportunity for HRDC to challenge the censorship…" | **Improper legal conclusion; lack of personal knowledge; speculation.** This paragraph offers legal conclusions regarding alleged due process violations and asserts what Defendants "failed" to do without any foundation showing personal knowledge of internal jail procedures or communications. (Fed. R. Evid. 602, 701.) | Sustained: __________ Overruled: __________ |
| **Objections to Plaintiff's Newly Submitted Exhibits** | | |
| **Exhibit A to the** Gronquist Declaration (spreadsheets of | **Untimely new evidence in reply**. Exhibit A contains new factual | Sustained: __________ |

| | | |
|---|---|---|
| additional returned mail items received December 19, 2025). | materials and records first introduced with Plaintiff's reply, including five (5) new entries concerning alleged returned publications from the Cois M. Byrd Detention Center, depriving Defendants of a fair opportunity to respond. See *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (holding that a court should not consider new evidence raised for the first time in reply without giving the opposing party an opportunity to respond). | Overruled: __________ |
| **Exhibit B to the Gronquist Declaration** (copies/images of returned publications received December 19, 2025). | **Untimely new evidence in reply**. Exhibit B consists of additional allegedly rejected publications from the Cois M. Byrd Detention Center, first submitted | Sustained: __________ Overruled: __________ |

| | | |
|---|---|---|
| | with Plaintiff's reply and not included with the original motion, depriving Defendants of a fair opportunity to respond. See *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (holding that a court should not consider new evidence raised for the first time in reply without giving the opposing party an opportunity to respond). | |
| **Exhibit C to the Gronquist Declaration** (CaseMap spreadsheet entries for Blythe Jail) — first nine (9) entries only. | **Untimely new evidence in reply**. The first nine entries in Exhibit C, concerning alleged returned publications from Blythe Jail, were not included in Plaintiff's original motion and are introduced for the first time with Plaintiff's reply, depriving Defendants of a fair opportunity to respond. | Sustained: __________ Overruled: __________ |

| | | |
|---|---|---|
| | See *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). Defendants do not object to the remaining entries in Exhibit C that were previously disclosed with Plaintiff's moving papers. | |
| **Exhibit D to the Gronquist Declaration** (images of returned publications corresponding to Exhibit C) — entries dated June 13, 2025 (28-5, p. 37); June 23, 2025 (28-5, p. 38); July 7, 2025 (28-5, pp. 40–42); July 30, 2025 (28-5, p. 43); August 1, 2025 (28-5, p. 51); and August 12, 2025 (28-5, p. 44). | **Untimely new evidence in reply.** The above-referenced entries in Exhibit D correspond to new Blythe Jail incidents first introduced with Plaintiff's reply and were not included in Plaintiff's original motion. Their submission at the reply stage deprives Defendants of a fair opportunity to respond. See *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). Defendants do not object to the remaining portions of Exhibit D that correspond to entries | Sustained: __________ Overruled: __________ |

| | | |
|---|---|---|
| | previously disclosed with Plaintiff's moving papers. | |

Dated: February 13, 2026

BURKE, WILLIAMS & SORENSEN, LLP

By: */S/ David E Manrique*
Nathan A. Oyster
Caylin W. Jones
David E. Manrique
Attorneys for Defendants
COUNTY OF RIVERSIDE, CHAD BIANCO, HERMAN LOPEZ, MIKE KOEHLER, MICHAEL MOULTON, and BRUCE PHILLIPS