Nathan A. Oyster (SBN 225307)
E-mail: noyster@bwslaw.com
Caylin W. Jones (SBN 327829)
E-mail: cjones@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Defendants
COUNTY OF RIVERSIDE, CHAD BIANCO, HERMAN LOPEZ, MIKE KOEHLER, MICHAEL MOULTON, and BRUCE PHILLIPS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE, CHAD BIANCO, Sheriff, individually and in his official capacity, HERMAN LOPEZ, Corrections Assistant Sheriff, individually and in his official capacity, MIKE KOEHLER, Corrections Operations Chief Deputy, individually and in his official capacity, MICHAEL MOULTON, Correctional Captain for Blythe Jail, individually and in his official capacity, BRUCE PHILLIPS, Correctional Captain for Robert Presley Detention Center, individually and in his official capacity, and JOHN AND JANE DOES 1-10, Staff, individually and in their official capacities,<br><br>Defendants. | Case No. 5:25-cv-03520-DSF-SK<br><br>**DEFENDANTS COUNTY OF RIVERSIDE, CHAD BIANCO, HERMAN LOPEZ, MIKE KOEHLER, MICHAEL MOULTON, AND BRUCE PHILLIPS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Judge: Dale S. Fischer |

COMES NOW Defendants COUNTY OF RIVERSIDE, CHAD BIANCO, HERMAN LOPEZ, MIKE KOEHLER, MICHAEL MOULTON, and BRUCE PHILLIPS (hereinafter "Defendants"), answering Plaintiff's Complaint for themselves and for no other parties, admit, deny, and allege as follows:

1. In answering paragraphs 3, 5, and 7 of the Complaint, Defendants admit that jurisdiction and venue are proper. Defendants deny all remaining allegations.

2. In answering paragraphs 1, 2, 4, 6, 8, 9, 10, 20, 21, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 47, 48, 49, 50, 51, 53, 54, 55, 56, 57, 58, 59, 61, 62, 63, 65, 66, 67, 69, 70, 71, 72, 73, and the prayer for relief of the Complaint, Defendants deny any and all allegations of the respective paragraphs. To the extent any statement of law is made therein, these answering Defendants assert the law speaks for itself.

3. In answering paragraphs 11, 12, 19, 22, 23, 24, 25, 26, 27, 28, 29, of the Complaint, Defendants lack sufficient information to respond to the allegations of the paragraphs and therefore deny any and all allegations. To the extent any statement of law is made therein, these answering Defendants assert the law speaks for itself.

4. In answering paragraph 13 of the Complaint, Defendants admit that the County of Riverside is a municipal entity organized and existing under the laws of the State of California. Defendants deny all remaining allegations.

5. In answering paragraph 14, Defendants admit that Sheriff Chad Bianco is in the highest position at the Riverside County Sheriff's Department. Defendants deny any and all remaining allegations.

6. In answering paragraph 15, Defendants admit that Herman Lopez was at all relevant times employed by the County of Riverside. Defendants deny any and all remaining allegations.

7. In answering paragraph 16, Defendants admit that Mike Koehler was at all relevant times employed by the County of Riverside. Defendants deny any and all remaining allegations.

8. In answering paragraph 17, Defendants admit that Michael Moulton was

at all relevant times employed by the County of Riverside. Defendants deny any and all remaining allegations.

9. In answering paragraph 18, Defendants admit that Bruce Phillips was at all relevant times employed by the County of Riverside. Defendants deny any and all remaining allegations.

10. In answering paragraph 30, Defendants admits the "Publication Policy" appears on its public website, which speaks for itself, such that no response is required to Plaintiff's summary thereof. Defendants deny all remaining allegations.

11. In answering paragraph 31, Defendants admits the "Mail Policy" appears on its public website, which speaks for itself, such that no response is required to Plaintiff's summary thereof. Defendants deny all remaining allegations.

12. In answering paragraph 32, Defendants admits the "Mail Rules" appears on its public website, which speaks for itself, such that no response is required to Plaintiff's summary thereof. Defendants deny all remaining allegations.

13. In answering paragraphs 46, 52, 60, 64, and 68 of the Complaint, Defendants hereby incorporates its admissions and denials to the Complaint.

## AFFIRMATIVE DEFENSES

AS SEPARATE AND AFFIRMATIVE DEFENSES, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

14. The Complaint fails to state a claim upon which relief can be granted. The Complaint also fails to state a claim for relief against the Defendant.

## SECOND AFFIRMATIVE DEFENSE

15. Defendants deny that Plaintiff has been deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

## THIRD AFFIRMATIVE DEFENSE

16. At all relevant times, Defendants acted within the scope of discretion,

with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulations, within the bounds of reason under the circumstances, and with the good faith belief that its actions comported with all applicable laws. The individual Defendants therefore assert qualified immunity from liability.

**FOURTH AFFIRMATIVE DEFENSE**

17. Plaintiff suffered no actual injury due to Defendants' conduct.

**FIFTH AFFIRMATIVE DEFENSE**

18. Defendants deny that it violated Plaintiff's First or Fourteenth Amendment rights, or any other state, federal, constitutional, or other rights.

**SIXTH AFFIRMATIVE DEFENSE**

19. Plaintiff's own conduct estops Plaintiff's from claiming the damages alleged in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

20. At all relevant times, each Defendant acted independently and not in association or concert with or as agent or servant of any other Defendant, including any sued herein under fictitious names, or of the employees or agents of other Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

21. Plaintiff's claims are barred by all applicable statutes of limitations.

**NINTH AFFIRMATIVE DEFENSE**

22. Defendants are immune to suit for damages in their official capacities pursuant to the Eleventh Amendment of the U.S. Constitution.

**TENTH AFFIRMATIVE DEFENSE**

23. Plaintiff's are not entitled to punitive damages because Defendants did not act with malicious intent to deprive Plaintiffs of any constitutional right or to cause any injury. Punitive damages are not recoverable for the claims set forth.

**ELEVENTH AFFIRMATIVE DEFENSE**

24. The individual Defendants are entitled to qualified immunity.

**TWELFTH AFFIRMATIVE DEFENSE**

25. Plaintiff's claims are barred by the doctrine of unclean hands.

**THIRTEENTH AFFIRMATIVE DEFENSE**

26. Plaintiff's claims are barred by the doctrine of laches.

**FOURTEENTH AFFIRMATIVE DEFENSE**

27. Plaintiff's have failed to join necessary and/or indispensable parties.

**FIFTEENTH AFFIRMATIVE DEFENSE**

28. Any recovery on the Plaintiff's Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by the Plaintiff's failure to mitigate their damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

29. That the damages, if any, should be in direct proportion to the fault of Defendants, if any, as provided by Civil Code sections 1431 to 1431.5.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

30. Defendants are immune from liability for its actions by the application of one or more of the immunities set forth in the California Government Code, including the immunities set forth in §§ 815.2, 818.2, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821.6, 821.8, 822.2, 844, 845.6, and 845.8.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

31. Defendants are immune from Plaintiff's claims under California law, pursuant to California Government Code § 844.6(a)(1-2) and 830.9.

**NINETEENTH AFFIRMATIVE DEFENSE**

32. To the extent the Complaint seeks compensation for any state tort claims, those claims are barred where Plaintiff has failed to properly comply with the provisions of the California Tort Claims Act in the filing of an appropriate claim with a public entity prior to the initiation of the lawsuit, pursuant to the provisions of Government Code sections 900, 901, 910 and 911.2; furthermore, the tort claim submitted does not authorize the various state torts set forth in the Plaintiff's

Complaint.

**TWENTIETH AFFIRMATIVE DEFENSE**

33. Defendants are immune from Plaintiff's claims under California law, pursuant to California Government Code § 844.6(a)(1-2).

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

34. To the extent that the damages alleged by Plaintiff, if any, were proximately caused by the negligence, conduct, and liability of other persons or entities, Defendants request that an allocation of such negligence, conduct, and liability be made among such other persons or entities, and that, if any liability is found on the part of Defendants, judgment against Defendants be only in an amount which is proportionate to the extent and percentage by which Defendants' acts or omissions contributed to Plaintiff's damages, if at all.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

35. Should Plaintiff's recover damages against Defendants, Defendants are entitled to have the amount abated, apportioned or reduced to the extent that any other party's negligence caused or contributed to damages (including Plaintiff).

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

36. Punitive damages cannot be imposed against a public entity.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

37. Because the Complaint is couched in conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

## DEMAND FOR JURY TRIAL

Defendants COUNTY OF RIVERSIDE, CHAD BIANCO, HERMAN LOPEZ, MIKE KOEHLER, MICHAEL MOULTON, and BRUCE PHILLIPS demands a trial before a jury on all issues presented by Plaintiff's Complaint triable to a jury.

WHEREFORE, Defendants COUNTY OF RIVERSIDE, CHAD BIANCO, HERMAN LOPEZ, MIKE KOEHLER, MICHAEL MOULTON, and BRUCE PHILLIPS prays that:

1. Judgment be rendered in favor of Defendants COUNTY OF RIVERSIDE, CHAD BIANCO, HERMAN LOPEZ, MIKE KOEHLER, MICHAEL MOULTON, and BRUCE PHILLIPS and against Plaintiff HUMAN RIGHTS DEFENSE CENTER;

2. Plaintiff HUMAN RIGHTS DEFENSE CENTER take nothing by this action;

3. Defendants COUNTY OF RIVERSIDE, CHAD BIANCO, HERMAN LOPEZ, MIKE KOEHLER, MICHAEL MOULTON, and BRUCE PHILLIPS be awarded costs of suit incurred herein; and

4. Defendants COUNTY OF RIVERSIDE, CHAD BIANCO, HERMAN LOPEZ, MIKE KOEHLER, MICHAEL MOULTON, and BRUCE PHILLIPS be awarded such other and further relief as the Court may deem necessary and proper.

Dated: March 2, 2026

BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Caylin W. Jones
Nathan A. Oyster
Caylin W. Jones
Attorneys for Defendants
COUNTY OF RIVERSIDE, CHAD BIANCO, HERMAN LOPEZ, MIKE KOEHLER, MICHAEL MOULTON, and BRUCE PHILLIPS